IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHARLES FRISELLA | * | |
| Plaintiff, | * | Civil Action No. AMD 02 CV 3435 |
| vs. | * | |
| TRANSOCEANIC CABLE SHIP COMPANY, INC., and ABC INSURANCE COMPANY | * | |
| | * | |
| Defendants. | | |

\*\*\*\*\*\*

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

### Preliminary Statement

Defendant Transoceanic Cable Ship Co., Inc. ("Transoceanic") submits this memorandum of law in support of its motion pursuant to Federal Rules of Civil Procedure 4 and 12 to dismiss the claim against ABC Insurance Company ("ABC Insurance"). The claim should be dismissed since (1) it does not state a claim under the applicable law and (2) ABC Insurance Company has not been served with process within 120 days of filing of the Complaint.

### The Material Facts

Plaintiff Frisella, a seaman, has brought a maritime personal injury claim against Transoceanic alleging negligence and unseaworthiness. (See Frisella Complaint.) This claim is still pending and, of course, no judgment has been entered against Transoceanic. At the same time at paragraph II(b) of his Complaint, Frisella alleges a claim against ABC Insurance as the insurer of Transoceanic. The Complaint's prayer for relief demands judgment against ABC Insurance.

The Complaint in this matter was filed on October 18, 2003. No proof of service on ABC

Insurance has been filed with the Court. (See the docket in this matter.)

## POINT I

### PLAINTIFF FAILS TO STATE A COGNIZABLE CLAIM AGAINST ABC INSURANCE COMPANY

Plaintiff's Complaint against Transoceanic as operator of the vessel C/S GLOBAL SENTINEL and against ABC Insurance raises an issue of marine insurance. Under the Supreme Court's decision in Wilburn Boat Co. v. Fireman's Fund Ins. Co., 348 U.S. 310 (1955), the federal government and the states share regulatory authority over marine insurance issues. Whether a maritime claimant may maintain a direct action against a marine insurer has been held to be a question to be decided by state law. See United States v. Tug Marine Venture, 101 F.Supp.2d 378 (Dist. Md. 2000).

Under Maryland law, a claimant may maintain a direct action against an insurer only in limited circumstances. The Maryland Code, Insurance, Title 19, section 102 provides that if an injured person is unable to collect after execution on a final judgment against an insured, it may bring a direct action against the "insured's insurer in accordance with the terms of the policy."

Maryland courts have developed "principles regarding the circumstances under which direct actions can and cannot be brought against liability insurers" before a final judgment has been entered against an insured that remains unsatisfied. Hartford Mutual Insurance Co. v. Woodfin, 344 Md. 399, 412 (Md. 1997). "The controlling principle has been that public policy frowns upon the injection of liability insurance in legal proceedings at which the insured defendant's underlying tort liability is being determined; the 'matter of liability insurance is irrelevant to the issue of the defendant's liability and is highly prejudicial.'" Id. quoting Washington Transit v. Queen, 324 Md. 326, 332-33 (Md. 1991). A claimant may bring a declaratory

judgment action against an insurer before liability has been determined in the underlying suit only "where the issues in the declaratory judgment action are independent and separable from the claim's of the tort claimant." Id.

Under these principles, Frisella's claim against the ABC Insurance should be dismissed. First, it is highly prejudicial to have <u>any</u> claim against Transoceanic's insurer determined in this lawsuit that is determining whether Transoceanic is liable to Plaintiff. Second, judgment has obviously not been entered against Transoceanic on the underlying claim and thus there is no issue of a failure to satisfy a judgment. Third, Frisella articulates no independent and separate claim against the ABC Insurance Company. Frisella simply asserts against ABC Insurance the same claims he asserts against Transoceanic, which is not permissible under the Maryland direct action statute and the relevant case law, and in doing so, Frisella fails to state a claim upon which relief may be granted.

Frisella's claim against ABC Insurance should thus be dismissed and the caption in this matter should be amended to remove all reference to ABC Insurance.

**POINT II**

**ABC INSURANCE HAS NOT BEEN SERVED WITH PROCESS
WITHIN 120 DAYS AND THUS THE CLAIM AGAINST IT SHOULD BE DISMISSED**

Plaintiff filed his Complaint in this matter on October 18, 2002. Federal Rule of Civil Procedure 4(m) provides that process must be served upon a defendant "within 120 days after the filing of the complaint." If not, the action shall be dismissed as to that defendant without prejudice.
Plaintiff has not served ABC Insurance with the summons and complaint within 120 days of October 18, 2002, thus the Complaint against ABC Insurance should be dismissed on this basis also.

3

**CONCLUSION**

Based on the foregoing, and the pleadings in this matter, the claim against ABC Insurance should thus be dismissed and the caption in this matter should be amended to remove all reference to ABC Insurance.

Date:   August 22, 2003

                                    /s/
                            Todd P. Kenyon, Bar ID 82767
                            Ronald Betancourt, Bar ID 82302
                            BETANCOURT, VAN HEMMEN, GRECO & KENYON
                            114 Maple Avenue
                            Red Bank, New Jersey 07701
                            (732) 530-4646
                            (732) 530-9536 (Fax)

                            M. Hamilton Whitman, Jr., Trial Bar No. 00373
                            Charles A. Dorio, Trial Bar No. 26369
                            OBER, KALER, GRIMES & SHRIVER
                            A Professional Corporation
                            120 E. Baltimore Street
                            Baltimore, Maryland 21202
                            (410) 685-1120
                            (410) 547-0699 (Fax)

                            Attorneys for Defendant
                            TRANSOCEANIC CABLE SHIP COMPANY, INC.