# BETANCOURT, VAN HEMMEN, GRECO & KENYON

114 MAPLE AVENUE
RED BANK, NEW JERSEY 07701

TELEPHONE (732) 530-4646
TELEFAX (732) 530-9536

Ronald Betancourt
Jeanne-Marie Van Hemmen
John Greco
Todd Kenyon*
Jersey

Of Counsel:
Virginia Harper

*Not admitted in New

November 6, 2003

<u>Via CM/ECF</u>
Honorable Andre M. Davis
United States District Court Judge
United States District Court
District of Maryland
101 W. Lombard Street
Baltimore, MD 21201

Re:   **Frisella v. Transoceanic Cable Ship Co., Inc.**
      Civil Action No.: AMD 02-3435

Dear Judge Davis,

We represent defendant Transoceanic along with our local counsel Messrs. Ober, Kaler in this maritime personal injury case brought by a merchant seaman against his prior employer.

We write to request a conference with the court to address difficulties we have had in scheduling Plaintiff's deposition and medical examination.

Plaintiff is a merchant seaman who has apparently spent a large part of this year at sea. In view of Plaintiff's sailing schedule, we agreed to Plaintiff's request in May of this year to an extension of discovery, with the understanding that Plaintiff would be returning from sea and his deposition and medical examination could be held sometime in August of this year.

Having then heard nothing from Plaintiff's counsel concerning Plaintiff's sailing schedule, we requested by letter on August 22, 2003 to be advised when Plaintiff would be returning from sea. (See August 22, 2003 letter attached as Exhibit A.)

Plaintiff's counsel did not respond until October 2, 2003, when he called to advise that Plaintiff would be returning the next week for a week and would then be back in during November. In response, we requested that Plaintiff's counsel provide us with Plaintiff's sailing schedule going forward so we could schedule a deposition and medical exam.

Having not received this information from Plaintiff's counsel after the call, we requested the information in writing by our telefax dated October 10, 2003. (See October 10th telefax attached as Exhibit B.) Since we received no response to this communication, we again requested the information by telefax dated October 22, 2003. (See October 22nd telefax attached as Exhibit C.) We have received no response to this communication.

In the meantime, we have received documents from Plaintiff's Union Vacation Plan that appear to indicate that Plaintiff has actually been on vacation from sea since August 14, 2003. The record attached as Exhibit D shows that Plaintiff requested vacation benefits from his Union on August 14, 2003 in New Orleans, Louisiana.

We telephoned Plaintiff's counsel yesterday to discuss these issues and our concern that we may not be receiving accurate information on Plaintiff's true availability. Plaintiff's counsel has not returned our telephone call.

Our client's position in this litigation, in view of the February, 2004 trial date, is being prejudiced by our inability to proceed with Plaintiff's deposition and exam. Although we have been more than willing to work with Plaintiff's counsel in view of Plaintiff's sailing schedule, it appears that that is not possible.

We therefore respectfully request a conference with your Honor to address the issue of Plaintiff's deposition and medical examination, including the discovery schedule going forward, and a possible motion to dismiss the Complaint based on our inability to proceed with the necessary discovery of Plaintiff in a timely fashion before the trail.

Respectfully submitted,

BETANCOURT, VAN HEMMEN, GRECO & KENYON

By    /s/

Todd P. Kenyon

TPK/ch

cc

Harry W. Blondell, Esq.
Law Offices of William J. Blondell, Jr. Chartered
Counsel for Plaintiff
Via CM/ECF

M. Hamilton Whitman, Jr.
Ober, Kaler, Grimes & Shriver
Local Counsel for Defendant
Via CM/ECF