IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHARLES FRISELLA | * | |
|     Plaintiff, | * | Civil Action No. AMD 02 CV 3435 |
| vs. | * | |
| TRANSOCEANIC CABLE SHIP COMPANY, INC., and ABC INSURANCE COMPANY | * | |
| | * | |
|     Defendants. | | |

\*\*\*\*\*\*

**KENYON DECLARATION IN SUPPORT
OF MOTION TO DISMISS PURSUANT TO RULE 37**

1. TODD P. KENYON, hereby declares, under penalty of perjury, that I am a Partner in the law firm of Betancourt, Van Hemmen, Greco & Kenyon, attorneys for defendant Transoceanic Cable Ship Company, Inc. ("Transoceanic"). I submit this declaration in support of Transoceanic's Motion to Dismiss the Complaint pursuant to Rule 37.

2. On March 18, 2003, Transoceanic's counsel was forced to write to the Court concerning Plaintiff's failure to provide medical authorizations in a timely fashion. (See Exhibit 1 attached.) In response, this Court ordered Plaintiff to provide the authorizations and notified Plaintiff's counsel that "this failure to assist in complete discovery in a timely manner will only harm his own client, not the defendant." (See Exhibit 2 attached.)

2. By notice dated February 19, 2003, Transoceanic noticed Plaintiff's deposition for March 27, 2003. (See Exhibit 3 attached.) And Plaintiff's medical examination was noticed for April 1, 2003. (See Exhibit 4 attached.) In response, Plaintiff's counsel advised that Plaintiff, a merchant seaman, was unavailable then since he would be at sea aboard ship. In view of Plaintiff's unavailability, our office agreed

to postpone Plaintiff's deposition and medical examination until he returned from sea.

    3.    Plaintiff's counsel advised that Plaintiff would, depending on the war situation, likely be returning from sea in July, 2003 and would be available for his deposition and exam in August, 2003. In view of Plaintiff's sailing schedule, we agreed to Plaintiff's request in May of this year to an extension of discovery, with the understanding that Plaintiff would be returning from sea and his deposition and medical examination could be held sometime in August.

    4.    Having then heard nothing from Plaintiff's counsel concerning Plaintiff's sailing schedule, we requested by letter on August 22, 2003 to be advised when Plaintiff would be returning from sea so that we could schedule his deposition and medical examination.. (See Exhibit 5 attached.) Plaintiff's counsel did not respond until October 2, 2003, when he called to advise that Plaintiff would be returning the next week for a week and would then be back in port during November. In response, we requested that Plaintiff's counsel provide us with Plaintiff's sailing schedule going forward so we could schedule a deposition and medical exam.

    5.    Having not received this information from Plaintiff's counsel after the telephone call, we requested the information in writing by our telefax dated October 10, 2003. (See Exhibit 6 attached.) Since we received no response to this communication, we again requested the information by telefax dated October 22, 2003. (See Exhibit 7 attached.) We have received no response to this communication.

    6.    In the meantime, we have received documents from Plaintiff's Union Vacation Plan that indicate that Plaintiff has actually been on vacation from sea since August 14, 2003. The record attached as Exhibit 8 shows that Plaintiff requested vacation benefits from his Union on August 14, 2003 in New Orleans, Louisiana. Plaintiff at the time of the request was not at sea, but "on the beach" in New Orleans.

7. In view of Plaintiff's failure to respond to our inquiries and the information contained in the Union records, we telephoned Plaintiff's counsel on November 5, 2003 to discuss these issues and our concern that we may not be receiving accurate information on Plaintiff's true availability. Plaintiff's counsel has yet to return our telephone call.

8. In view of Plaintiff's failure to cooperate in discovery, we wrote to the Court on November 6, 2003, requesting a conference, and advising that we were considering a possible motion to dismiss the Complaint based on our inability to proceed with the necessary discovery of Plaintiff in a timely fashion before the trail. (See Exhibit 9 attached.) Plaintiff's counsel failed to offer any response to this letter to the Court. In responding to our November 6, 2003 letter, the Court noted that it had previously warned plaintiff about the need for cooperation and did not see a need to reiterate that warning. (See Exhibit 10 attached.) The Court also set the pretrial conference for December 19, 2003 and the trial in this matter for February 17, 2004.

9. As of close of business today, November 10, 2003, we have yet to receive any response from Plaintiff to our various requests for information on his availability for a deposition and medical examination, including our letter to the Court. Plaintiff has also failed to respond in any way to this Court's November 6th Order. It now appears clear to the undersigned that we have indeed not been provided accurate information on Plaintiff's availability and that he has in fact been available to participate in discovery at least since August 14, 2003. Our willingness to work with Plaintiff in scheduling discovery in view of his service aboard a merchant vessel has been rewarded with Plaintiff's lack of good faith in participating in discovery.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and

correct.  Executed Red Bank, New Jersey this 10th day of November, 2003.

                                                /s/

                                      TODD P. KENYON