IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHARLES FRISELLA | * | |
| Plaintiff, | * | Civil Action No. AMD 02 CV 3435 |
| vs. | * | |
| TRANSOCEANIC CABLE SHIP COMPANY, INC., and ABC INSURANCE COMPANY | * | |
| | * | |
| Defendants. | * | |

\*\*\*\*\*\*

**CERTIFICATE OF CONFERENCE
PURSUANT TO LOCAL RULE 104.7**

1. TODD P. KENYON, hereby declares, under penalty of perjury, that I am a Partner in the law firm of Betancourt, Van Hemmen, Greco & Kenyon, attorneys for defendant Transoceanic Cable Ship Company, Inc. ("Transoceanic"). I submit this Certification in support of Transoceanic's Motion to Dismiss the Complaint pursuant to Rule 37.

2. As is detailed in the accompanying Kenyon Declaration in Support, we have attempted to conference with Plaintiff's counsel on numerous occasions concerning his client's deposition and medical examination. Having heard nothing from Plaintiff's counsel concerning Plaintiff's sailing schedule and availability for a deposition and exam, we requested by letter on August 22, 2003 to be advised when Plaintiff would be returning from sea so that we could schedule his deposition and medical examination. Plaintiff's counsel did not respond until October 2, 2003, when he called to advise that Plaintiff would be returning the next week for a week and would then be back in port during November. In response, we requested that Plaintiff's counsel provide us with Plaintiff's sailing schedule going forward so we could schedule a deposition and medical exam. Having not received this information from Plaintiff's counsel after

the telephone call, we requested the information in writing by our telefax dated October 10, 2003. Since we received no response to this communication, we again requested the information by telefax dated October 22, 2003. We have received no response to this communication.

7. In view of Plaintiff's failure to respond to our inquiries and other information, we telephoned Plaintiff's counsel on November 5, 2003 to discuss these issues and our concern that we may not be receiving accurate information on Plaintiff's true availability. Plaintiff's counsel has yet to return our telephone call.

8. In view of Plaintiff's failure to cooperate in discovery, we wrote to the Court on November 6, 2003, requesting a conference, and advising that we were considering a possible motion to dismiss the Complaint based on our inability to proceed with the necessary discovery of Plaintiff in a timely fashion before the trail. Plaintiff's counsel has failed to offer any response to this letter to the Court. In responding to our November 6, 2003 letter, the Court noted that it had previously warned plaintiff about the need for cooperation and did not see a need to reiterate that warning. As of close of business today, November 10, 2003, we have yet to receive any response from Plaintiff to our various requests for information on his availability for a deposition and medical examination, including our letter to the Court. Plaintiff has also failed to respond in any way to this Court's November 6th Order.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct. Executed Red Bank, New Jersey this 10th day of November, 2003.

/s/
TODD P. KENYON