IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHARLES FRISELLA | * | |
|     Plaintiff, | * | Civil Action No. AMD 02 CV 3435 |
| vs. | | |
| | * | |
| TRANSOCEANIC CABLE SHIP COMPANY, INC., and ABC INSURANCE COMPANY | * | |
| | * | |
|     Defendants. | | |
| | ****** | |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS PURSUANT TO RULE 37**

**Preliminary Statement**

Defendant Transoceanic Cable Ship Co., Inc. ("Transoceanic") submits this memorandum of law in support of its motion pursuant to Federal Rules of Civil Procedure 37 to dismiss Plaintiff's complaint for discovery abuses.

**The Material Facts**

Please see the accompanying declaration of Todd P. Kenyon and attached exhibits for a rendition of the material facts.

**POINT**

**PLAINTIFF HAS FAILED TO PARTICIPATE IN DISCOVERY IN
GOOD FAITH AND HAS FAILED TO OBEY THE COURT'S DISCOVERY ORDERS**

Federal Rule of Civil Procedure 37 provides for various sanctions against a party for failure to participate in discovery. Rule 37(b)(2) provides that where a party has failed to comply with discovery orders, the court may order the following:

(A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;

(B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;

(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;

(D) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination;

(E) Where a party has failed to comply with an order under Rule 35(a) requiring that party to produce another for examination, such orders as are listed in paragraphs (A), (B), and (C) of this subdivision, unless the party failing to comply shows that that party is unable to produce such person for examination.

Further, Rule 37(d) provides that where a party has failed to appear for a deposition, the court may "make such orders that are just, and among others it may take action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2)" of Rule 37.

This Court has great discretion to sanction a party for failure to obey discovery orders. Chambers v. Nasco, 510 U.S. 32, 44-45 (1991). In deciding the level of sanctions under Rule 37, a district court must consider four factors: "(1) whether the non-complying party acted in bad faith, (2) the amount of prejudice the noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective." Southern States v. Sherwin-Williams, 318 F.3d 592, 597 (4th Cir. 2003) quoting Anderson v. Found for Advancement, 155 F.3d 500, 504 (4th Cir. 1998); See also Carter v. Prince George's County, 155 F.R.D. 128 (Dist. M.D.

1994).

In applying these factors here, it is clear that dismissal of Plaintiff's complaint is warranted. The last court ordered discovery deadline in this case was July 27, 2003. (See Court's March 26, 2003 Discovery Order.) A subsequent request by Plaintiff for an extended discovery deadline was denied by this Court, with permission for the parties to make an informal agreement to an appropriate schedule bearing in mind the firm trial date in February, 2004. (See Court's July 5, 2003 Discovery Order.) In good faith, and relying on Plaintiff's counsel's advice that Plaintiff would be available for a deposition and medical examination in August, 2003 on his return from sea, we agreed to an informal extension of discovery.

As outlined in the accompanying Kenyon Declaration, it has proved impossible for Transoceanic to obtain accurate information from Plaintiff as to his availability for a deposition and medical examination. Although we were advised that Plaintiff would be available in August, 2003, we received no word from Plaintiff on his return. When we wrote on August 22, 2003 requesting such information, Plaintiff's counsel did not respond until October 2, 2003, advising that Plaintiff would return the following week for a week and then be back in port during November. During the October 2nd telephone conversation, and in two follow up letters to counsel thereafter, we requested Plaintiff's upcoming availability so we could schedule a deposition and medical examination. We have received no response to any of these requests.

In the meantime, we received documents from Plaintiff's Union showing that he did in fact return from sea in August. He was in New Orleans on August 14, 2003 when he applied for benefits. (See Exhibit 8 to the Kenyon Declaration.) This information, together with Plaintiff's failure to respond to our requests for dates of his availability, lead us to telephone Plaintiff's counsel on November 5, 2003.

Plaintiff's counsel has never returned our telephone call.

We then wrote to this Court on November 6, 2003, requesting a conference on these issues and advising that we were considering a motion to dismiss. Plaintiff's counsel has not responded to our letter to the Court.

This Court responded to our letter by Memorandum to Counsel dated November 6th, which referred to the Court's previous warning to Plaintiff's counsel to cooperate in discovery. On March 18, 2003, this Court wrote: "this failure to assist in completing discovery in a timely manner will only harm his own client, not the defendant." The November 6th Memorandum also established pretrial order and trial dates. We have still received no word from Plaintiff's counsel concerning any of these issues.

We were initially inclined to give Plaintiff the benefit of the doubt concerning the significance of the Union Vacation Plan request that showed he was actually back from sea in mid-August in New Orleans. But Plaintiff's continued failure to cooperate or communicate, even in the face of our recent letter to the Court and the Court's response, has convinced us that he has indeed been available and that, for whatever reason, has decided not to cooperate in discovery or obey the Court's discovery orders.

Turning to the four factors to be considered, it is clear that Plaintiff has acted in bad faith concerning his deposition and medical examination. Both were noticed for earlier this year, but were not held due to Plaintiff's sea service. Transoceanic agreed in good faith to postpone the deposition and exam until August when Plaintiff returned from sea. Plaintiff has subsequently mis-informed us of his actual availability and has refused to provide information on his schedule so that his deposition and exam could go forward. Plaintiff's bad faith is apparent.

Second, it is also clear that Plaintiff's refusal to cooperate in discovery has prejudiced defendant

4

in view of the pretrial order and trial schedules in this matter.  The deposition and medical exam of a Plaintiff in a personal injury action are crucial first steps for any defendant in establishing a defense to such a claim.  Plaintiff's testimony under oath is required before any defendant has the ability to hire expert witnesses, pursue other necessary discovery, contact other witnesses, request further documents, etc.  We are now days away from submission of the pretrial order and we have yet to have heard Plaintiff's version of events under oath.  As importantly, we have not been able to schedule a medical examination of Plaintiff, which in a case such as this is equally important in establishing a defense.  Plaintiff's failure to cooperate in discovery and obey the Court's discovery orders has clearly prejudiced Transoceanic.

Third, it is clear that this sort of discovery abuse requires deterrence.  Counsel in any action have a professional obligation to cooperate in discovery and to obey the Court's discovery orders.  Our willingness to work with Plaintiff in view of his sea going employment has not been answered with similar good faith and cooperation on his part.  Instead, he has avoided appearing for a deposition and exam and has affirmatively mislead us on his availability.  Incredibly, this behavior continues even after our latest letter to the Court and this Court's November 6th response.  Plaintiff has willfully ignored this Court's discovery orders and its explicit orders to cooperate with Transoceanic in discovery.

Fourth, at this late date in view of the pretrial order and trail schedules, the only effective sanction is dismissal of Plaintiff's Complaint.  Plaintiff's deposition and exam is a fundamental part of discovery in a case such as this and must take place with time for defendant to carry out the necessary follow up discovery.  That time is up and even if Plaintiff's deposition and exam could somehow be scheduled, Transoceanic will be unable to perform the necessary follow up discovery in view of the pretrial order and trail dates. Plaintiff could have been forthcoming with his availability in August.  He was not and has mislead

Transoceanic as to his availability.  He should not be rewarded for such dilatory tactics.

## CONCLUSION

Based on the foregoing, Plaintiff's complaint should be dismissed pursuant to Federal Rule of Civil Procedure 37.[1]

Date:   November 10, 2003

                                                                  /s/
                                       Todd P. Kenyon, Bar ID 82767
Ronald Betancourt, Bar ID 82302
BETANCOURT, VAN HEMMEN, GRECO & KENYON
114 Maple Avenue
Red Bank, New Jersey 07701
(732) 530-4646
(732) 530-9536 (Fax)

M. Hamilton Whitman, Jr., Trial Bar No. 00373
Charles A. Dorio, Trial Bar No. 26369
OBER, KALER, GRIMES & SHRIVER
A Professional Corporation
120 E. Baltimore Street
Baltimore, Maryland 21202
(410) 685-1120
(410) 547-0699 (Fax)

Attorneys for Defendant
TRANSOCEANIC CABLE SHIP COMPANY, INC.

---

[1] Transoceanic believes that the only appropriate sanction under these circumstances is dismissal of Plaintiff's Complaint.  If the Court decides to impose a lessor sanction, however, we would request that Plaintiff be precluded from testifying at trial and that he be precluded from presenting medical evidence on his physical condition at trial.