**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| CHARLES FRISELLA | : |
| Plaintiffs | : CIVIL ACTION NO. AMD 02-3435 |
| v. | : |
| TRANSOCEANIC CABLE SHIP COMPANY, INC., ET AL. | : |
| Defendants | : |

<u>REQUEST FOR CONTINUANCE</u>
<u>RESPONSE TO MOTION FOR RULE 37 SANCTION</u>

Now comes the Plaintiff, Charles Frisella, by his attorney, Harry W. Blondell, and request that this Honorable Court grant a continuance in the above caption matter, deny the Defendant's Motion for Rule 37 Sanction and allow the parties to submitted a revised scheduling calender for court approval and for reasons states:

<u>Plaintiff's Basis for Continuance</u>

1.  On October 2, 2003, Plaintiff's attorney resigned from his former firm.

2. Plaintiff was a client of the firm and not the under signed attorney's.

3. Undersigned counsel was not able to contact Plaintiff, Opposing Counsel or the Court because of ethical obligations to former firm.

4. Undersigned attorney prior to departure dictated note on

status of the file and on going discovery issues.

    5. On November 14, 2003 at 4:00 p.m., Plaintiff attorney's prior office indicated that it wish to transfer file to the undersigned.

    6. On November 17, 2003, the file was delivered to Plaintiff's attorney along with Defendant's Motion and this Honorable Court's correspondence of November 6, 2003.

    7. Undersigned attorney attempted to contact Plaintiff to seek authority to act on his behalf at that time undersigned attorney was advised that Plaintiff had accepted a new assignment and was in the Middle East.

    8. Undersigned attorney attempted to contact Mr. Kenyon to discuss the Motion, to explain the events of the prior two months and to schedule medical examination and deposition. (See Attached letter of November 17, 2003, Exhibit 1).

    9. At that time undersigned attorney spoke with the Plaintiff's Louisiana Attorney and was informed that he should act as the Plaintiff's Attorney in the above captioned matter and as a result a change of address was noted with this Court.

    10. Plaintiff, prior to his current assignment, believed that he could be relieved of his duties, if he presented the Ship's Captain with a subpoena.

    11. However, Plaintiff's wife was recently informed by Plaintiff that he is now within a combat zone, and that he can not be relieved of duty as he was originally informed prior to

assignment.

12. He is currently assigned to Waterman's Steamship Company and is moving cargo between Kuwait and Iraq supplying the United States military operations.

13. Recently, he also advised his wife that he expected return in February has been extended, and he may remain in this operation for an additional 4 to 8 weeks.

### Plaintiff Attorney Basis for Continuance

14. Plaintiff's Attorney scheduled a family vacation during the week of February 16 through February 20, 2004 in visiting with family in upstate New York.  This trip, while not formal, was promised to my family as a result of his heart attack of February 8, 2002.  He promised his family each year to take time off during the Presidents day vacations to coincide with the anniversary of that event.  The new Trial of this matter is scheduled for February 17, 2003 conflicts with this plan.  The original trial dates did not conflict with this vacation.

### Rule 37 Motion Response

15. Prior to the undersigned's departure from his old firm, on September 17, 2003, I attempted to contact Mr. Kenyon to schedule the Plaintiff's Deposition and medical examination.  A voice mail message was left.

16. On September 25, 2003, I attempted to contact Mr. Kenyon and left a second voice mail message.

17. On October 1, 2003, I call Mr Kenyon and discussed

scheduling the Plaintiff's deposition and medical examination during the weeks of October 6 or October 13, 2003. At that time Mr. Kenyon indicated that he was unavailable and that he would schedule an appointment with his physician and call with the date.

18. On that same date I spoke with the Plaintiff Louisiana attorney who indicated that the Plaintiff had been called for work and due to his financial situation needed to return.

19. Plaintiff's attorney advised me that Plaintiff would not be gone for very long, that he could return if subpoenaed, and that he would be in the United States on January 5-6, 2003 regardless of the assignment he selected or possibly sooner. One of the two assignment options returned to port in the middle of December.

20. On October 2, 2003, I left the firm of William J. Blondell, Jr., Chartered; this departure was based on health and quality of life issues.

21. On November 17, 2003, I received the file along with Defendant's motion and this Honorable Court's correspondence of November 6, 2003.

22. I immediately attempted contact with the Plaintiff, his Louisiana attorney and Mr Kenyon.

23. I spoke with Plaintiff's Louisiana attorney who relayed that he was certain that the file transfer would be acceptable and that he would continue to contact the Plaintiff.

24. Plaintiff's attorney did not receive a return phone call from Defendant's attorney and a second call was attempted time at 4:15 p.m.

25. Plaintiff's attorney forwarded a letter to the Defendant's attorney via Fax on November 17, 2003. (see attached Exhibit 1).

26. On November 20, 2003, Mr. Kenyon responded indicating he would wait for this Court's ruling prior to scheduling and further discovery.

27. The Plaintiff has never shown a lack of good faith in conducting discovery.  He is and will participate.  His participation is complicated by his employment as a merchant marine and his need to support his family.  His failure to contact Defendant is substantially justified, he never knew of the defendant's attempts to contact him, and harmless because it can be corrected

28. This discover dispute occurred because of Plaintiff's attorney resigned from his old firm.  This resignation was not planned so that clients, courts or opposing counsel could be informed by the old firm, allowing transitions occur at the time of departure.

29. Due to ethical issues, Plaintiff's attorney could not contact the Plaintiff or anyone involved in the case.  The Plaintiff was a firm client and not an individual client.

30. On February 8, 2002, Plaintiff's undersigned attorney

suffered a heart attack.  Plaintiff's attorney during the summer of 2003 began experiencing stress related medical issues.  Plaintiff's attorney attempted changes in work load and shifts of administrative responsibilities.  These changes were negated on October 2, 2003 and Plaintiff's attorney resigned.

31.  Starting the month of October 2003 and continuing through to the present, negotiations commenced between Plaintiffs attorney and his former firm to deal with issues of clients, and fees.

32.  On November 14, 2003, I was advised that a motion was filed in the above matter and that transfer of the file was contemplated.

33.  Attached to the file was Defendant's Motion which included the Court's November 6, 2003 correspondence.

31.  Therefore, if Plaintiff's attorney had not departed from his old firm, this discovery issue would not be before the Court.  There no lack of good faith.  Plaintiff nor his attorney contemplated his departure from his prior law firm.  This action, unrelated to this case and the Plaintiff, was clearly not an attempt to obstruct the discovery process.  It was an unforseen event.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court deny the Defendant's Rule 37 Motion, Grant the Plaintiff's requested continuance and allow the parties to submit

a revised discovery and pretrial schedule for this Honorable Court's approval.

/s/
_____
Harry W. Blondell (#06958)
9634 Deereco Road
Timonium, MD 21093
410-308-3669
Attorney for Plaintiff

CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this 28th of November, 2003, a copy of the foregoing Request for Continuance and Response to Motion for 37 Sanctions mailed to the Defendant, Transoceanic Cable Ship Company, Inc., et al. to Charles A Diorio, Esquire, Ober, Kaler, Griimes & Shriver, 120 E. Baltimore, Maryland 21202, and Todd Kenyon, Esquire, Betancourt, Van Hemmen & Greco, 114 Maple Avenue, Red Bank, New Jersey 07701 by ECF/CM.

/s/
_____
Harry W. Blondell (#06958)