# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CHARLES FRISELLA : | |
| : | |
| Plaintiffs : | CIVIL ACTION NO. AMD 02-3435 |
| v. : | |
| : | |
| TRANSOCEANIC CABLE SHIP : | |
| COMPANY, INC., ET AL. : | |
| : | |
| Defendants : | |
| : | |

### PRE-TRIAL ORDER

Now come the Plaintiffs, Charles Frisella, by his attorney, Harry W. Blondell, and Defendant, Transoceanic Cable Ship Company, Inc., and submit this proposed Pre-Trial Order for the Court's consideration:

**A.  Statement of Facts**

1.  **Plaintiffs** - On or about October 20, 2000, the Plaintiff, Charles Frisella while in the course of his employment on the vessel C/S Global Sentinel. Frisella was in injured as a result of the unseaworthiness of the vessel.

At that time and place, Frisella along with other members of the vessel's crew were attempting to lifting a cable troughing using lines run under the troughing.  The lift was to occur on the count of three and when the Boson said three the Plaintiff was the only person to lift causing him to suffer personal injuries.

The Defendant's vessel was unseaworthy in that there was insufficient crew to lift the troughing; the crew available were

insufficiently trained; the work area was cluttered; equipment or other devises, cranes, to safely lift the troughing were inadequate; and the troughing was improperly stored so that the bridge crane or other devises could not be used.

    2.   **Defendant**  - Charles Frisella was an experienced and trained Able Bodied Seaman (A.B.) when serving aboard the GLOBAL SENTINEL. He had the training and experience to know how to go about lifting the cable troughing, which was a fundamental seaman's task requiring little or no supervision. The cable troughing that was lifted that day, October 20, 2000, consisted of two sections, one piece of dimensions 14" x 15" x 9' 2-1/2" and weighing 500 lbs, and the second piece of dimensions 14"x 15" x 11'-½" and weighing 700 lbs. Both were uneventfully lifted that day with the assistance of 8-10 other seamen, which was more than adequate crew to carry out the task. All of the crew were properly trained for the fundamental and basic lifting task at hand. The crew member nearest Plaintiff during the lift will testify that Plaintiff said or did nothing at the time that would indicate he was hurt during the lift.

    The crew, the relevant area of the ship and its equipment were all adequate and reasonably fit for the intended purpose of lifting and handling cable aboard the GLOBAL SENTINEL. The area was not cluttered such that the ship was unseaworthy. To the extent other cable handling and related equipment was in the area, it was

properly stowed. Moreover, if the presence of other cable handling equipment in an area aboard a cable laying ship renders such a ship unseaworthy, then there is no such thing as a seaworthy cable laying ship.

Frisella was not injured as a result of the unseaworthiness of the GLOBAL SENTINEL, its equipment or crew. If Plaintiff did suffer an injury it was due to his service aboard a Waterman ship almost one year earlier where he injured his back moving a 50 gallon drum. Plaintiff brought a claim against Waterman for that injury, which was settled. Plaintiff at no time advised Transoceanic of this injury before serving aboard the GLOBAL SENTINEL in a capacity where he knew he would be called on to perform basic lifting tasks familiar to all able bodied seamen. In any event, Plaintiff's income from sea service in the past several years has almost doubled over that during his time aboard the GLOBAL SENTINEL and previously.

Transoceanic's affirmative defenses include the following:

Any back injury suffered by Plaintiff was the result of a pre-existing injury suffered aboard a Waterman ship approximately one year before he alleges he injured himself aboard the GLOBAL SENTINEL. Plaintiff was treated for the previous back injury by Doctor James Butler before he reported aboard Transoceanic's ship.

Due to his training, experience and job responsibilities, Plaintiff had the primary duty to assure that he properly carried

out the lifting task.  To the extent he did not, this was a fault solely attributable to him, for which he is solely responsible.

Plaintiff was solely negligent in the manner in which he carried out the lifting task, including his failure to ask for assistance if needed, his failure to use proper lifting techniques and his failure to advise of his pre-existing back injury, all of which relieves Transoceanic of any legal liability for his alleged injury.

Plaintiff concealed his pre-existing back injury and disabling condition, which relieves Transoceanic from any liability for any aggravation of that injury resulting from his shipboard service onboard the GLOBAL SENTINEL.

Plaintiff asserts no claim that entitles him to punitive damages or attorneys fees.

Plaintiff spoliated evidence by undergoing back surgery before allowing Transoceanic a medical examination and after Transoceanic had specifically requested an opportunity for such an examination. Plaintiff further failed to cooperate in Transoceanic's efforts to investigate his alleged back injury.  All of which relieves Transoceanic from legal liability for any damages.

Plaintiff is not entitled to cure payments or reimbursement for medical expenses in view of the medical coverage he receives from the Seafarer's International Union Medical Fund.

Plaintiff received maintenance and cure to the point of

maximum cure.  Plaintiff failed to mitigate his damages.

*Reservation: Defendant reserves the right to amend and augment this section in view of the discovery needed of Plaintiff.*

    **B.  Counterclaims, Crossclaims or Third-Party Claims**

None.

    **C.  Amendment of Pleadings**

None.

    **D.  Issues to be Abandoned**

None.

    **E.  Stipulations**

None.

    **F.  Damages Claimed**

        1) **Medical expenses** - $ 30,070.09

        2) **Past Maintenance and cure** - December 6, 2000 to September 12, 2001 - $8.00 per day totaling $2,120.

        3) **Past Loss of Wages** - December 6, 2000 to September 12, 2001 - $37,521.16.

        4) **Future Lost Wages** - Plaintiff earned $39,697.48 in 2002.  Plaintiff suffers a ten (10%)percent whole body impairment that will diminish his work life capacity of 36 years by 3.6 years resulting in future lost earnings of 142,910.92. ($39,697.48 x 3.6 years).

        5)  **Pain and Suffering** - $500,000.00

        6)  **Punitive Damages** - No maintenance paid from December

6, 2000 through September 1, 2001 (265 days at $8.00 per day) $2120 x 5 equals 10,600.00.

      **7) Attorney fees for failure to pay Maintenance and Cure** - supported by letter sent to Defendant by Terrence Hand -

        i.   May 10,2001 - with review of defendant's response on May 18, 2001. - 1 hour

        ii.   June 19,2001 - with review of Defendant's response on August 1, 2001. - 1 hour

        iii.   July 10,2001 - with Defendant's telephone response requesting authorizations - 1 hour

        iv.   August 3,2001 - with review of Defendant's response on August 16, 2001. - 1 hour

        v.   June 15 2001 - Draft and file pleading - 2 hours

        vi.   October 30, 2001 - Deposition of Charles Mannino preparation and post review - 2 hours

    Total Attorney Fees 8 hours @ 250.00/hour - $ 2000.00

  **G.  Exhibits**

    1.  **Plaintiff**

      (a) Medical Records of Charles Frisella from all sources including but not limited to :

        i.) Transoceanic Cable Ship Company

        ii.) Dr. James C. Butler

        iii.) Slidell Memorial Hospital

        iv.) Tulane University Hospital - Slidell Clinic

    v.) HealthSouth - physical therapy.

  (b) Employment and Wage Records of Charles Frisella from all sources including but not limited to Transoceanic Cable Ship Company.

  (c.) Claims File of Charles Frisella in possession of Transoceanic Cable Ship Company in their possession.

  (d.) Correspondence regarding defendant's termination and plaintiff's request for payment of maintenance and cure dated April 24,2001, May 10,2001, May 18,2001, June 19,2001, July 10, 2001, August1, 2001, August3, 2001, August 16,2001, August 23, 2001, and August 31, 2001 between Terrence Hand and A.T.Chenault, and Terrence Hand and Ron Bentacourt.

  (e.) All Records of the vessel Global Sentinel regarding work methods, manuals, logs, accident and injury and treatment of Charles Frisella; Report of Marine Accident U.S. Coast Guard; witness statement regarding the incident; safety meeting reports and repair orders; and deck plan of the Global Sentinel provided by Defendant.

  (f.) Transoceanic Cable Ship Company Cable Ship Agreement and Memorandum of Understandings.

  (g.) Payroll record Global Sentinal

 2. **Defendant** - See Defendant's Exhibit List attached.

H. **Witnesses**

 1. **Plaintiff**

    a.  Charles Frisella

    b.  Kathy Frisella

    c.  Donte Martin

    d.  Bruce Kermit Miangolarra

    e.  Joseph Olson

    f.  Mike Gallagher

    g.  Mark Gaffney

    h.  August Awong

    i.  Clinton Crowden

    j.  Jeremy Flesner

    k.  Mark Godbolt

    l.  Hennie Haylock

    m.  Denise Schleif, R.N.

2. **Defendant**

Defendant Expects to call the following witnesses:

Yann S. Durieux
13909 NE Airport Dr.
Vancouver, WA 98684
360-896-4933
This witness may testify under Federal Rules of Evidence 702, 703 or 705.

Denise R. Schleif
PMB 395
150 Hamakua Drive
Kailua, HI 96734
808-262-4374
This witness may testify under Federal Rules of Evidence 702, 703 or 705.

Joseph J. Olson
24 Nutter Blvd.
Rochester, NH 03867

    603-335-2645
This witness may testify under Federal Rules of Evidence 702, 703 or 705.

    Mark L. Gaffney
P.O. Box 379
Georgetown, ME 04548
207-371-2653

Defendant may call the following witnesses:

    Henry T. Perez, Jr.
Box 232
Cimarron, CO 81220
970-240-1731
This witness may testify under Federal Rules of Evidence 702, 703 or 705.

    August G. Awong
1229 Alakapuna St. #204
Honolulu, HI 96819
808-833-7734

    Clinton Crowden
2335 Spain St.
New Orleans, LA 70117
504-943-0971

    Jeremy D. Flesner
3244 Walnut Ave. SW
Seattle, WA 98116
206-932-4699

    Michael P. Gallagher
3217 Elm
St. Louis, MO 63301
636-940-9860

    Mark A. Godbold
641 Frances St.
Marrero, LA 70072
504-328-6360

    Hennie L. Haylock
1051 NE 163rd St. North Miami
Miami, FL 33162
305-947-5139

        Jerome S. Luckett
        12903 Glenda
        Cerritos, CA 90703
        562-926-1401

        Donte V. Martin
        3044 Westerwood Dr.
        Baton Rouge, LA 70815
        225-293-7330

        Bruce K. Miangolarra, Jr.
        1444 2nd St.
        Gulfport, MS 39501
        228-863-7087

        David L. Parks
        3329 Cypress St.
        Rapid City, SD 57701
        206-660-1492

        Alanson Chenault, Esq.
        The O'Neil Group
        2250 Energy Centre
        1100 Poydras St.
        New Orleans, LA 70163
        504-525-3400
        This witness may testify under Federal Rules of Evidence 702, 703 or 705.

        Charles Mannino
        Tyco Telecommunications
        60 Columbia Tpk.
        Morristown, NJ
        973-656-8720
        This witness may testify under Federal Rules of Evidence 702, 703 or 705.

*Reservation: Defendant reserves the right to designate additional witnesses in view of the discovery needed of Plaintiff.*

    I. **Expert Witnesses**

        1. <u>**Plaintiff**</u>

            a. James Bulter, MD.-Orthopaedic Surgeon

        2. <u>**Defendant**</u>

        a.    Dr. Thomas E. Hunt, Jr.
             101 W. Read Street
             Baltimore, MD 21201
             410-837-5181

        b.    Claudia Thomas, M.D.
             Johns Hopkins Medicine
             Dept. of Orthopaedic Surgery
             601 North Caroline Street
             Baltimore, MD 21287-0882
             410-955-2617

*Reservation: Defendant reserves the right to designate additional or different expert witnesses in view of the discovery needed of Plaintiff and the above doctors availability.*

**K.**    **Deposition Excerpts**

*Defendant reserves the right to designate portions of Plaintiff's deposition testimony.*

**L.**    **Other Pre-Trial Relief**

    Defendant seeks the pre-trial relief requested in its pending motion to dismiss pursuant to Rule 37 and its motion *in limine* filed December 12, 2003. Should Plaintiff's Complaint not be dismissed, Defendant also requests the time and opportunity to perform discovery of plaintiff, including a deposition and medical examination, and any necessary follow-up discovery based on the results of the discovery of Plaintiff.


Betancourt, Van Hemmen,
  Greco & Kenyon

| /s/ | /s/ |
|---|---|
| Todd Kenyon | Harry W. Blondell (#06958) |
| 14 Maple Avenue | 9634 Deereco Road |
| Red Bank, NJ 07701 | Timonium, MD 21093 |
| 732-530-4646 | 410-308-3669 |
| Attorney for Defendant | Attorney for Plaintiff |

    It is this \_\_\_\_\_ day of December, 2003, Ordered that the

above Pre-Trial Order is approved.

                                            Andre M. Davis
                                            United States District Judge

**DEFENDANT'S EXHIBIT LIST**     Page 12

| | |
|---|---|
| A | Frisella Telefax dated 12/07/00 to Charles Mannino with attached Fit for Duty Certificate |
| B | Medical Sign-On Form dated 10/02/00 (Bates 010047) |
| C | SIU Westbank Surgical Clinic records re 3/24/00 Examination, with F.R.E. 902(11) certification |
| D | SIU Westbank Surgical Clinic records re 11/7/00 Examination, with F.R.E. 902(11) certification |
| E | Tulane Orthopedic Clinic Note dated 12/14/99 (produced by Plaintiff) |
| F | Tulane Orthopedic Clinic Note records dated 1/12/00 (produced by Plaintiff) |
| G | Certificate to Return to Work or School dated 11/28/00 (produced by Plaintiff) |
| H | Certificate to Return to Work or School dated 12/06/00 (produced by Plaintiff) |
| I | Certificate to Return to Work or School dated 4/18/01 (produced by Plaintiff) |
| J | Tulane Orthopedic Clinic Note dated 05/23/01 (produced by Plaintiff) |
| K | Tulane Orthopedic Clinic Note dated 08/08/01 (produced by Plaintiff) |
| L | MRI Spine Questionnaire dated 11/22/00 completed by Plaintiff |
| M | Seafarers Health/Benefits Plan Audit Register, with F.R.E. 902(11) certification |
| N | Ship's Medical Log entries re Charles Frisella |
| O | Ship's Overtime Records re Charles Frisella |
| P | Ship's Deck Log |

**<u>DEFENDANT'S EXHIBIT LIST</u>**                    Page 13

| | |
|---|---|
| Q | Ship's General Arrangement Plan Diagrams |
| R | Photographs of Cable Troughing and relevant areas of Ship |
| S | Canceled checks and accounts and records showing payments to Plaintiff (Bates 010049-66) |
| T | Ronald Betancourt April 24, 2001 Letter requesting medical examination of Plaintiff (produced by Plaintiff) |
| U | Plaintiff's state and federal income tax records from 1994 through 2002 (produced by Plaintiff) |
| V | S.I.U. Wage Scales for Deck Department personnel |
| W | S.I.U. Vacation Fund records for Plaintiff, including computer print out of shipboard service, with F.R.E. 902(11) certification |
| X | Plaintiff's Interrogatory Answers |
| Y | Slidell Memorial Hospital MRI films of Plaintiff, with F.R.E 902(11) certification |
| | *Reservation: Defendant reserves the right to designate additional exhibits in view of the discovery needed of Plaintiff. Defendant also reserves the right to offer any Exhibit designated by Plaintiff* |