IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHARLES FRISELLA | * | |
| Plaintiff, | * | Civil Action No. AMD 02 CV 3435 |
| vs. | * | |
| TRANSOCEANIC CABLE SHIP COMPANY, INC., and ABC INSURANCE COMPANY | * | |
| | * | |
| Defendants. | | |

\*\*\*\*\*\*

**TRANSOCEANIC'S MOTION *IN LIMINE***

PLEASE TAKE NOTICE that defendant Transoceanic Cable Ship Company, Inc. hereby moves, based on the accompanying Declaration of Todd P. Kenyon, and attached exhibits, the accompanying Memorandum of Law in Support, and the prior proceedings, papers and orders in this matter, for certain preclusive evidentiary orders pursuant to Federal Rules of Civil Procedure 16, 26 and 37 and the Federal Rules of Evidence.

Date:   December 12, 2003

/s/
Todd P. Kenyon, Bar ID 82767
Ronald Betancourt, Bar ID 82302
BETANCOURT, VAN HEMMEN, GRECO & KENYON
114 Maple Avenue
Red Bank, New Jersey 07701
(732) 530-4646

M. Hamilton Whitman, Jr., Trial Bar No. 00373
Charles A. Dorio, Trial Bar No. 26369
OBER, KALER, GRIMES & SHRIVER
A Professional Corporation
120 E. Baltimore Street
Baltimore, Maryland 21202
(410) 685-1120

Attorneys for Defendant
TRANSOCEANIC CABLE SHIP COMPANY, INC.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHARLES FRISELLA | * | |
| Plaintiff, | * | Civil Action No. AMD 02 CV 3435 |
| vs. | * | |
| TRANSOCEANIC CABLE SHIP COMPANY, INC., and ABC INSURANCE COMPANY | * | |
| | * | |
| Defendants. | | |

\*\*\*\*\*\*

**KENYON DECLARATION
IN SUPPORT OF MOTION *IN LIMINE***

1.      TODD P. KENYON, hereby declares, under penalty of perjury, that I am a Member of the law firm Betancourt, Van Hemmen, Greco & Kenyon, attorneys for defendant Transoceanic Cable Ship Company, Inc. ("Transoceanic"). I submit this declaration in support of Transoceanic's Motion *In Limine*.

2.      Attached as Exhibit 1 is a telefax from Charles Frisella to Transoceanic dated December 7, 2000, which attached his doctor's finding that he was fit for duty. But months later Mr. Frisella changed his position and claimed that he was not fit for duty. Attached as Exhibit 2 is an accurate copy of Ronald Betancourt's letter dated April 24, 2001, to counsel for Plaintiff requesting a medical examination of Plaintiff in view of his alleged change in status and claim that he was not fit. Attached as Exhibit 3 is an accurate copy of Ronald Betancourt's letter dated May 18, 2001, to counsel for Plaintiff acknowledging that Plaintiff's counsel had advised that Plaintiff would not submit to a medical examination until after suit was filed. Attached as Exhibit 4 is an Operative Report concerning Plaintiff's May 10, 2001, back surgery.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct. Executed Red Bank, New Jersey this 12th day of December, 2003.

/s/

TODD P. KENYON

Charles Frisella
2113 Pelican St.
Slidell, LA 70460
Phone: (504) 781-2562

# facsimile transmittal

| TO: | Charlie Mannino | FAX: | (973) 656-8592 |
| FROM: | Charles Frisella | DATE: | 12/07/00 |
| Re: | | Pages: | 02, including cover sheet |

Urgent    For Review    Please Comment    Please Reply



010022

PAGE 02

PEARL RIVER NAV. GATI

# Tulane
## UNIVERSITY
### TULANE ORTHOPAEDICS
1051 Gause Blvd
Suite #230
Slidell, La. 70458

## CERTIFICATE TO RETURN TO WORK OR SCHOOL

Mr.
Mrs.
Miss _Charles Frisella_

has been under my care from _12-14-99_ to _present_

and is able to return to work / school on _12-7-00_

with the following limitations for _____ weeks.

_full duty_

Is physically unable to return to work / school because _____

Physical education : May take _____ May not take _____

Limited : _____

Doctor : _Dr. Jamie C. Butler_  Phone _649-7657_

Address : _1051 Gause Blvd Ste 230_  Date _12-6-00_
_Slidell, La. 70458_

Physician Signature

010023

# BETANCOURT, VAN HEMMEN & GRECO
114 MAPLE AVENUE
RED BANK, NEW JERSEY 07701

TELEPHONE (732) 530-4646
FAX (732) 530-9536

Ronald Betancourt
Jeanne-Marie D. Van Hemmen
John Greco

*Of Counsel*
Todd P. Kenyon*

*Member NY Bar only

April 24, 2001

By Fax (504) 643-2873
David L. Thornhill, Esq.
1175 Old Spanish Trail
Slidell, LA 70458

Re: **Charles J. Frisella**
  C/S GLOBAL SENTINEL
  Our Ref.: 92008-028

Dear Sir,

Our client was faxed the attached form (attachment "A") from Dr. Butler of the Tulane Orthopedic group yesterday without any cover letter. We are uncertain why it was faxed and what its import is. As you are probably aware, Dr. Butler previously found Mr. Frisella fit for full duty as of December 7, 2000 with respect to Mr. Frisella's service aboard the GLOBAL SENTINEL. See attachment "B." Mr. Frisella was paid maintenance and cure to that point.

Please let us know whether Mr. Frisella presently claims he is not fit for duty with respect to his service aboard the GLOBAL SENTINEL and whether he is seeking reinstatement of maintenance and cure. If so, we require that Mr. Frisella provide us with authorizations allowing the release of his medical records to us so we may investigate this matter. Attached is a form authorization directed to Tulane Orthopedic as well as a blank form (which can be copied if necessary) for any other medical care providers who have examined and/or treated Mr. Frisella. Also, we require that Mr. Frisella appear for an independent medical examination. Please call when you have an opportunity so we can make arrangements for the examination.

Very truly yours,

BETANCOURT, VAN HEMMEN & GRECO

By Ronald Betancourt

RB/ch
encl.

# BETANCOURT, VAN HEMMEN & GRECO
114 MAPLE AVENUE
RED BANK, NEW JERSEY 07701

TELEPHONE (732) 530-4646
FAX (732) 530-9536

Ronald Betancourt
Jeanne-Marie D. Van Hemmen
John Greco

*Of Counsel*
Todd P. Kenyon*
Virginia A. Harper

*Member NY Bar only

May 18, 2001

Hand & Lampard
3200 N. Turnbull Dr.
Metairie, LA 70002

Attn.: Terrance J. Hand, Esq.

    Re: Charles J. Friscella
        C/S GLOBAL SENTINEL
        Our Ref.: 92008-028

Dear Sir,

    Thank you for your letter of May 10, 2001 requesting reinstatement of maintenance and cure. We attach a copy of our letter to your client's prior attorney, David L. Thornhill, which we trust you are already aware of. Pursuant to that letter and as we discussed a couple of days ago, our client requires executed medical record authorizations and an independent medical examination to investigate your request to reinstate maintenance and cure. We confirm your advice that you will provide the authorizations and examination <u>after</u> you file suit next week pursuant to discovery rules.

                      Very truly yours,

                      BETANCOURT, VAN HEMMEN & GRECO

                      By
                      Ronald Betancourt

RB/ch
encl.



| | |
|---|---|
| **Slidell Memorial Hospital and Medical Center**<br>1001 Gause Blvd.<br>Slidell, LA 70458<br>(504) 643-2200 | DATE OF SURGERY: 05/10/2001<br>SURGEON: James C Butler, M.D.<br>ASSISTANT: Grinnell, CSTFA<br>ROOM #: 1W 1221B |
| NAME: Frisella, Charles J<br>MED REC #: 107-21-16<br>ACCOUNT #: 00031601834<br>CLINIC CODE: | 5771043 |

## OPERATIVE REPORT

**PRE-OPERATIVE DIAGNOSIS:** L4,5 disk herniation with radiculopathy, right leg.

**POST-OPERATIVE DIAGNOSIS:** Same

**OPERATION:** Right L4,5 laminotomy and partial diskectomy with foraminotomy

**ANESTHESIA:** General

**FINDINGS:**

**PROCEDURE IN DETAIL:** The patient was brought to the operating room, was intubated and then was turned to the prone position on a Wilson frame. Bony prominences were padded. The back was shaved and then prepped with Betadine soap and solution and draped in the usual fashion. A midline incision was made from L4 to the sacrum and the paraspinous muscles elevated from the midline. Self-retaining retractors were identified. The sacrum was identified and the L4,5 and L5, S1 interspace was identified. Using Kerrison rongeur, we then removed a portion of the inferior lamina of L4, ligament of flavum and the superior lamina of L5 performing foraminotomy. The thecal sac was retracted toward the midline and the needle was placed in what was thought to be the L4,5 disk. Using the image intensifier, we took a lateral view of the spine and confirmed that we were at the L4,5 level. Hemostasis of bleeding epidural veins was controlled with bipolar electrocautery. We retracted the thecal sac toward the midline at the disk space level and then incised the disk annulus. There was a broad based disk herniation noted from the midline extending to the right side confirmed by magnetic resonance imaging. The posterior annulus was incised and a subtotal diskectomy was performed. We palpated the contents in the spinal canal; there appeared to be a midline protrusion. We further removed disk material beneath the posterior longitudinal ligament carefully protecting the neurovascular structures. The nerve root was mildly irritable. We made sure that it was free in the foraminal areas. We thoroughly irrigated the area and then covered the laminotomy site with Gelfoam that had been soaked in Depo-Medrol. The fascia was closed with #1 Vicryl sutures. The subcutaneous tissues with 2-0 Vicryl and the skin with stainless steel staples. Sterile dressing was applied. The patient was turned to the supine position, extubated and brought to the recovery room in stable condition.

JB/dbg
DD: 05/10/2001
DT: 05/10/2001 10:13 P
JOB: 345948

CC: James C Butler, M.D.

James C Butler, M.D.

SMH 0004 PHY REV 2/99
Page 1 of 1

OPERATIVE REPORT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHARLES FRISELLA | * | |
| Plaintiff, | * | Civil Action No. AMD 02 CV 3435 |
| vs. | * | |
| TRANSOCEANIC CABLE SHIP COMPANY, INC., and ABC INSURANCE COMPANY | * | |
| | * | |
| Defendants. | | |

******

**MEMORANDUM OF LAW IN SUPPORT
OF DEFENDANT'S MOTION *IN LIMINE***

**Preliminary Statement**

Defendant Transoceanic Cable Ship Co., Inc. ("Transoceanic") submits this memorandum of law in support of its motion *in limine* pursuant to Federal Rules of Civil Procedure 16, 26 and 37 and the Federal Rules of Evidence.

**The Material Facts**

The material facts are reviewed in the accompanying Kenyon Declaration, with exhibits, and the previous papers and proceedings in this matter, most particularly the papers in support of Transoceanic's pending motion to dismiss pursuant to Rule 37.

**POINT I**

**PLAINTIFF SHOULD BE PRECLUDED FROM OFFERING
ANY EVIDENCE OF ABC INSURANCE COMPANY AND THE
CAPTION IN THIS MATTER SHOULD BE AMENDED ACCORDINGLY**

Plaintiff's Complaint includes a claim against "ABC Insurance." But, Maryland law "frowns upon the injection of liability insurance in legal proceedings at which the insured defendant's underlying tort

liability is being determined; the 'matter of liability insurance is irrelevant to the issue of the defendant's liability and is highly prejudicial.'" Hartford Mutual Insurance Co. v. Woodfin, 344 Md. 399, 412 (Md. 1997) quoting Washington Transit v. Queen, 324 Md. 326, 332-33 (Md. 1991). Further, Federal Rule of Evidence 402 prohibits the admission of irrelevant evidence and Rule 403 prohibits the admission of evidence that is unfairly prejudicial.

Under these principles, Plaintiff should be precluded from offering any evidence or argument concerning insurance. First, it is highly prejudicial to have any reference Transoceanic's insurer in this lawsuit that is determining solely whether Transoceanic is liable to Plaintiff. Second, Transoceanic's insurance coverage is irrelevant to any liability or damages claim being made by Plaintiff in this lawsuit. Third, Plaintiff has not pursued or developed any claim against "ABC Insurance" during the course of this lawsuit. Fourth, "ABC Insurance" has never been served with process, nor has it entered an appearance in this case.[1]

For all these reasons, Plaintiff should be prohibited from presenting any evidence or argument concerning insurance to the jury. Further, the caption in this matter should be amended to remove any reference to "ABC Insurance" to avoid the inadvertent disclosure of the claim to the jury.

---

[1] Plaintiff filed his Complaint in this matter on October 18, 2002. Federal Rule of Civil Procedure 4(m) provides that process must be served upon a defendant "within 120 days after the filing of the complaint." If not, the action shall be dismissed as to that defendant. Plaintiff has not served "ABC Insurance" with the summons and complaint within 120 days of October 18, 2002. Under these circumstances, Federal Rule of Civil Procedure 4(m) provides this Court with authority to dismiss the Complaint against "ABC Insurance" *sua sponte*.

## POINT II

### PLAINTIFF SHOULD BE PRECLUDED FROM TESTIFYING OR OFFERING ANY EVIDENCE OF HIS MEDICAL CONDITION

As fully discussed in Transoceanic's pending motion to dismiss pursuant to Rule 37, Plaintiff has refused to participate in discovery. Transoceanic has thus been unable to take his deposition or hold a medical examination. Transoceanic believes the appropriate sanction in this case is dismissal of Plaintiff's Complaint due to his bad faith refusal to participate in discovery and his effective abandonment of his claim. Should Plaintiff's Complaint not be dismissed, however, Plaintiff should nonetheless be subject to sanctions. For the reasons fully explored in Transoceanic's pending motion to dismiss, Plaintiff should be precluded from testifying or offering any evidence of his medical condition. This is a justified and appropriate evidentiary sanction under Federal Rule of Civil Procedure 37, which allows this Court to sanction Plaintiff by "refusing to allow the disobedient party to support . . . designated claims . . . or prohibiting that party from introducing designated material in evidence." F.R.C.P. 37(b)(2)(B).

## POINT III
### PLAINTIFF SHOULD BE PRECLUDED FROM OFFERING ANY MEDICAL EVIDENCE OF HIS ALLEGED INJURY DUE TO SPOLIATION OF EVIDENCE

Spoliation is defined as the intentional destruction or alteration of evidence. Black's Law Dictionary 1401 (6th Ed. 1990). On April 24, 2001, Transoceanic's counsel requested that Plaintiff appear for a medical examination so that his alleged injury could be examined by a medical doctor on behalf of Transoceanic. (See Exhibit 2 to the Kenyon Declaration.) Plaintiff and his counsel did not agree to such an examination and advised that Plaintiff would only appear for an examination after suit was filed. (See

3

Exhibit 3 to the Kenyon Declaration.)  Plaintiff on May 10, 2001 underwent back surgery.  (See Exhibit 4 to the Kenyon Declaration.)  Plaintiff's refusal to undergo an independent medical examination when originally requested, and prior to his invasive surgery, has led to the irreversible alteration of the only physical evidence of his alleged injury.

"The right to impose sanctions for spoliation arises from a court's inherent power to control the judicial process and litigation, but the power is limited to that necessary to redress conduct 'which abuses the judicial process.'"  Silvestri v. General Motors, 271 F.3d 583, 590 (4th Cir. 2001).  When imposing sanctions, "the trial court has discretion to pursue a wide range of responses both for the purpose of leveling the evidentiary playing field and for the purpose of sanctioning the improper conduct."  Vodusek v. Bayliner Marine, 71 F.3d 148, 156 (4th Cir. 1995).  There are four elements that must be found before a court may impose spoliation sanctions: (1) an act of destruction; (2) discoverability of the evidence; (3) an intent to destroy the evidence; (4) occurrence after suit has been filed or, if before, at a time when filing is fairly perceived as imminent.  White v. Office of Public Defender, 170 F.R.D. 138, 147 (Dist. M.D. 1997).

It is clear that each of these elements is present here.  First, Plaintiff's intrusive back surgery on the very area that he claims was injured onboard Transoceanic's vessel has materially and irreversibly altered the primary evidence of alleged injury.  It is impossible now to perform a physical examination of Plaintiff in the state obtaining after the alleged injury and before the invasive and altering surgery.  Second, Plaintiff's physical state was not only discoverable through a medical examination, but it is arguably the most important evidence concerning Plaintiff's claim.  Third, Plaintiff intentionally underwent the invasive surgery, which was performed after a medical examination was requested by Transoceanic.  Fourth, Plaintiff was represented by counsel at the time, who has pursued the claim herein and who advised that no examination

of Plaintiff would be had until after suit was filed. (See Kenyon Declaration, Exhibit 3.)

Plaintiff and his counsel surely knew that his post-accident physical condition was crucial to the lawsuit they were about to commence. Moreover, Plaintiff and his counsel were given actual notice of the importance of the evidence when Transoceanic requested an opportunity to examine Plaintiff's alleged injury and perform a medical examination. Plaintiff was consequently under a duty to preserve the <u>only</u> physical evidence of Plaintiff's alleged injury pending an independent medical examination. Instead, he chose to proceed with surgery before Transoceanic could hold an examination and thus has irreversibly altered the most important medical evidence in this case.

Plaintiff's intentional destruction of evidence merits an appropriate evidentiary sanction. Transoceanic has been irretrievably prejudiced by its inability to examine the key medical evidence in this case. Under the circumstances, Plaintiff should be precluded from offering any medical evidence of his alleged injury due to his intentional spoliation of evidence.

## POINT IV

### PLAINTIFF SHOULD BE PRECLUDED FROM OFFERING ANY EVIDENCE OR ARGUMENT ON PUNITIVE DAMAGES

Plaintiff is claiming punitive damages. But a plaintiff seaman may not make a claim for punitive damages since they are non-pecuniary and not recognized under the general maritime law. <u>See</u> <u>Miles v. Apex Marine Corp.</u>, 498 U.S. 19 (1990); <u>Miller v. American Presidents Line</u>, 989 F.2d 1450 (6th Cir. 1993); <u>Wahlstrom v. Kawasaki</u>, 4 F.3d 1084 (2d Cir. 1993). Thus, any argument or evidence concerning punitive damages would be irrelevant and inadmissible. <u>See</u> F.R.E. 402. Plaintiff should therefore be precluded from offering any evidence or argument on punitive damages at trial.

## **CONCLUSION**

Based on the foregoing, Transoceanic's motion *in limine* should in every respect be granted.

Date:   December 12, 2003

                                                  /s/
Todd P. Kenyon, Bar ID 82767
Ronald Betancourt, Bar ID 82302
BETANCOURT, VAN HEMMEN, GRECO & KENYON
114 Maple Avenue
Red Bank, New Jersey 07701
(732) 530-4646
(732) 530-9536 (Fax)

M. Hamilton Whitman, Jr., Trial Bar No. 00373
Charles A. Dorio, Trial Bar No. 26369
OBER, KALER, GRIMES & SHRIVER
A Professional Corporation
120 E. Baltimore Street
Baltimore, Maryland 21202
(410) 685-1120
(410) 547-0699 (Fax)

Attorneys for Defendant
TRANSOCEANIC CABLE SHIP COMPANY, INC.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHARLES FRISELLA | * | |
|     Plaintiff, | * | Civil Action No. AMD 02 CV 3435 |
| vs. | * | |
| TRANSOCEANIC CABLE SHIP COMPANY, INC., and ABC INSURANCE COMPANY | * | |
| | * | |
|     Defendants. | | |
| | ****** | |

## CERTIFICATE OF SERVICE

    I hereby certify that on December 12, 2003 a copy of Transoceanic's Motion *In Limine*, the Memorandum of Law in Support and the Kenyon Declaration in Support, which were electronically filed in this case on December 12, 2003, and electronically served, were also mailed via first class mail, postage prepaid, to Law Office of Harry W. Blondell, 9634 Deereco Road, Timonium, Maryland 21093, Plaintiff's Counsel.

Date:   December 12, 2003

                                                 /s/
                                      Todd P. Kenyon, Bar ID 82767
                                      Ronald Betancourt, Bar ID 82302
                                      BETANCOURT, VAN HEMMEN, GRECO & KENYON
                                      114 Maple Avenue
                                      Red Bank, New Jersey 07701
                                      (732) 530-4646
                                      (732) 530-9536 (Fax)

                                      M. Hamilton Whitman, Jr., Trial Bar No. 00373
                                      Charles A. Dorio, Trial Bar No. 26369
                                      OBER, KALER, GRIMES & SHRIVER
                                      A Professional Corporation
                                      120 E. Baltimore Street
                                      Baltimore, Maryland 21202
                                      (410) 685-1120
                                      (410) 547-0699 (Fax)

                                      Attorneys for Defendant
                                      TRANSOCEANIC CABLE SHIP COMPANY, INC.