# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CHARLES FRISELLA | : |
| | : |
|     Plaintiffs | : CIVIL ACTION NO. AMD 02-3435 |
| | : |
| v. | : |
| | : |
| TRANSOCEANIC CABLE SHIP | : |
| COMPANY, INC., ET AL. | : |
| | : |
|     Defendants | : |
| | : |

### REPLY TO KENYON REPLAY DECLARATION IN SUPPORT OF MOTION TO DISMISS PURSUANT TO RULE 37

Now comes the Plaintiff, Charles Frisella, by his attorney, Harry W. Blondell, and request that this Honorable Court consider the this Reply in the above caption matter:

1. Defendant filed this Reply asserting that Plaintiff's counsel intentionally misrepresented facts to Mr. Kenyon and the Court.

2. Plaintiff's counsel attempted contact with Mr Kenyon follow the receipt of Letter from Terry Hand concerning Plaintiff's availability deposition and medical examination. (see Exhibit 1)

3. When Plaintiff's attorney received the file from my former law firm, my review of the file uncovered a letter from Terry Hand dated October 6, 2003 that indicated that the Plaintiff could return to the United States if subpoenaed. (See attached Exhibit 2).

4. This was reconfirmed by a letter dated November 19, 2003. (see attached exhibit 2).

5. On December 1, 2003, given this Honorable Court admonishment of Plaintiff's counsel, I wrote to Mr. Hand advising him of the seriousness of the situation and informed him that Mr. Frisella should be available immediately and in response I received the letter from Mr Frisella's employer LMS attached to Defendant's reply Exhibit 15.

6. This letter was immediately forwarded to Mr. Kenyon.

7. Plaintiff's counsel also contact Plaintiff's Employer and was told that Plaintiff works a four month's on, two month's off schedule; that Plaintiff currently attached with the Military Sealift Command, that the sailing schedule of the vessel is classified and that the he would not be able to leave his employment because the roll on roll off vessel that he is working on is part of the Rapid Deployment Force. This was the first time Plaintiff's Counsel was advised of the plaintiff's work schedule.

8. Mr Hand then located Mr. Frisella at port in Kuwait and suggested the possibility of a telephone deposition of the Plaintiff. Mr Frisella will be intermittently available by phone.

9. This suggestion was also forwarded to Mr. Kenyon.

10. These representations are true. They were made in an effort to correct the failures that occurred in discovery. They

were not intended to mislead.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court consider this Reply and deny the Defendant's Rule 37 Motion, Grant the Plaintiff's requested continuance and allow the parties to submit a revised discovery and pretrial schedule for this Honorable Court's approval.

/s/

Harry W. Blondell (#06958)
9634 Deereco Road
Timonium, MD 21093
410-308-3669
Attorney for Plaintiff

CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this 19th of November, 2003, a copy of the foregoing Reply to Kenyon Reply Declaration in Support of Motion to Dismiss Pursuant to Rule 37 faxed, hand delivered and mailed to the Defendant, Transoceanic Cable Ship Company, Inc., et al. to Charles A Diorio, Esquire, Ober, Kaler, Griimes & Shriver, 120 E. Baltimore, Maryland 21202, and Todd Kenyon, Esquire, Betancourt, Van Hemmen, Greco & Kenyon, 114 Maple Avenue, Red Bank, New Jersey 07701 by ECF/CM.

/s/

Harry W. Blondell (#06958)