# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CHARLES FRISELLA | : |
| | : |
| Plaintiffs | : CIVIL ACTION NO. AMD 02-3435 |
| | : |
| v. | : |
| | : |
| TRANSOCEANIC CABLE SHIP | : |
| COMPANY, INC., ET AL. | : |
| | : |
| Defendants | : |
| | : |

## OPPOSITION TO APPLICATION FOR FEES AND COSTS

NOW INTO COURT through undersigned counsel comes Charles Frisella, plaintiff in the above captioned matter who respectfully submits to the Honorable Court this opposition to Transoceanic's Application for Fees and Costs.

### STATEMENT OF THE CASE

Plaintiff Charles Frisella was employed by defendant Transoceanic on October 20, 2000 when he injured his back while aboard a vessel which required surgery. A claim was brought in the U.S. Federal Court for the Eastern District of Louisiana, Civil Action Number 01-1855 for maintenance and cure and damages, but was dismissed for lack of jurisdiction over Transoceanic. Plaintiff was paid maintenance which was wrongfully terminated on December 6, 2000 prior to his surgery of May 10, 2001.

Suit was instituted before this Honorable Court to renew plaintiff's claims for maintenance and cure and damages. Plaintiff made himself available for examination by Transoceanic and was scheduled to appear for deposition on March 27, 2003 at 10:00 a.m. as will appear from notice of deposition. (Attached and marked as Plaintiff Exhibit 1.) Further plaintiff was scheduled for an independent medical exam on April 1, 2003 at 10:00 a.m. as will appear from the notice of independent medical exam. (Attached hereto and marked as Plaintiff Exhibit 2.) Plaintiff was notified on March 25, 2003 that the defendant had to cancel both the deposition and medical exam. No new dates were requested from plaintiff by defendant.

On April 10, 2003 plaintiff made a request for a new

independent medical exam date and deposition date even suggesting the beginning of August, 2003. (Plaintiff's letter dated attached as Exhibit 3.) No response was received.

Once again on September 15, 2003 (Plaintiff's letter attached as Plaintiff Exhibit 4) plaintiff requested new dates to be deposed and for a medical exam but was met with the response that the defendant could not arrange same for said period. Defendant did not suggest any alternate dates.

On October 6, 2003 plaintiff advised local counsel (Plaintiff's letter attached as Plaintiff Exhibit 5) of plaintiff's situation and requested a new deposition and examination date of January 6, 2004. Plaintiff also requested the issuance of a subpoena so he could get off the Waterman ship early and be back for the deposition, examination and trial.

Plaintiff returned to work with Waterman and arrived in Kuwait on October 19, 2003 as confirmed by letter dated December 2, 2003 (attached as Plaintiff Exhibit 6). Due to a communication problem no subpoena was ever issued and provided to plaintiff. Plaintiff was assigned to the Military Sealift Command on twenty-four hour alert.

## ARGUMENT

Plaintiff respectfully submits that his actions show an active attempt to make himself available for examination and deposition by the defendant and to appear before this Honorable Court for trial. He respectfully argues that based upon his repeated attempts to arrange his appearance and coupled with his assignment to the Military Sealift Command his failure to appear for the deposition and medical examination was substantially justified. Additionally the totality of the circumstances of this case make an award of fees and expenses unjust and would only severely punish him for trying to exercise his maritime rights as an injured seaman and award of this Honorable Court.

Further, plaintiff respectfully contests the number of hours as excessive which defendant contends were necessary to prepare and bring the motion, attend pre-hearing conference, and attend the hearing and should be reviewed by this Honorable Court for reasonableness.

## CONCLUSION

Plaintiff respectively submits that based upon the statement of the case and argument that fees and expenses should be denied.

Respectfully submitted,

/s/
_____
Harry W. Blondell (#06958)
9634 Deereco Road
Timonium, MD 21093
410-308-3669
Attorney for Plaintiff


CERTIFICATE OF SERVICE

    I HEREBY CERTIFY, that on this 19th of February, 2004, a copy of the foregoing Opposition to Application for Fees and Costs was delivered to the Defendant, Transoceanic Cable Ship Company, Inc., et al. to Charles A Diorio, Esquire, Ober, Kaler, Griimes & Shriver, 120 E. Baltimore, Maryland 21202, and Todd Kenyon, Esquire, Betancourt, Van Hemmen, Greco & Kenyon, 114 Maple Avenue, Red Bank, New Jersey 07701 by ECF/CM.

/s/
_____
Harry W. Blondell (#06958)